# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

CHRISTINE L.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C20-1333-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for a Period of Disability, Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI). Having considered the Administrative Law Judge's (ALJ) decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the matter for a finding of disability under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1968, has at least a high school education, and previously worked as a dog groomer and as a receptionist. AR 582-83. Plaintiff was last gainfully employed in July 2015. AR 568.

On June 16, 2014, Plaintiff applied for benefits, alleging disability as of June 15, 2014. 11.[1] Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. After the ALJ conducted a hearing on October 13, 2016, the ALJ issued a decision finding Plaintiff not disabled. AR 8-33.

On February 16, 2018, the Appeal's Council denied review. AR 658-52. On May 13, 2019, the United States District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. AR 666-81. On remand, the ALJ held a hearing and subsequently issued another decision finding Plaintiff not disabled. AR 563-93.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since July 31, 2015.

**Step two**: Plaintiff has the following severe impairments: lumbar disc bulge, status post-repair of right knee meniscus tear, a history of bunions of the bilateral feet, anxiety disorder, attention deficit hyperactivity disorder, post-traumatic stress disorder, depressive disorder, panic disorder, and personality disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity**: Plaintiff can perform light work, subject to the following limitations: she can stand and walk a total of four hours in an eight-hour workday; occasionally climb, balance, stoop, kneel, crouch, and crawl; understand, remember, and carry out simple tasks and instructions; not work with or around the general public; tolerate occasional, superficial interaction with coworkers, but should work independently and not on a team or tandem tasks; and needs a routine, predictable work environment with few changes.

**Step four**: Plaintiff is unable to perform past relevant work.

---

[1] Plaintiff later amended her onset date to July 31, 2015. *See* AR 568.
[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 568-84.

Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 5.

# LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# DISCUSSION

Plaintiff argues the ALJ erred by misevaluating medical evidence discounting her testimony concerning her mental impairments. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

## A. The ALJ Erred by Misevaluating the Medical Evidence

Because Plaintiff filed her applications before March 27, 2017, the ALJ was required to generally give a treating doctor's opinion greater weight than an examining doctor's opinion, and an examining doctor's opinion greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Plaintiff argues the ALJ misevaluated four medical opinions concerning her mental impairments.

### 1. Margaret Cunningham, Ph.D.

Dr. Cunningham evaluated Plaintiff in July 2015 and July 2016. In 2015, Dr. Cunningham assessed Plaintiff had "[s]evere symptoms of depression," "[s]evere symptoms of anxiety and panic disorder," "[s]evere symptoms of PTSD," "[s]ymptoms of ADHD," and "[s]erious symptoms of personality disorder," and opined Plaintiff had moderate limitations understanding, remembering, and persisting in tasks by following simple instructions, adapting to changes, and making simple work-related decisions; marked limitations understanding, remembering, and persisting in tasks by following detailed instructions, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, learning new tasks, performing routine tasks without special supervision, and asking simple questions or requesting assistance; and severe limitations

communicating, performing effectively, and maintaining appropriate behavior in a work setting, completing a normal workday/workweek without interruptions from psychologically-based symptoms, and setting realistic goals and planning independently.  AR 485-86.  In 2016, Dr. Cunningham assessed "[s]evere symptoms of depression," "[s]evere symptoms of anxiety, agoraphobia, and panic disorder," "[s]evere symptoms of PTSD," and "[s]ymptoms of ADHD," and opined Plaintiff had moderate limitations understanding, remembering, and persisting in tasks by following simple instructions, making simple work-related decisions, and being aware of normal hazards and taking appropriate precautions; marked limitations understanding, remembering, and persisting in tasks by following detailed instructions, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, learning new tasks, performing routine tasks without special supervision, adapting to changes in a routine work setting, asking simple questions or requesting assistance, communicating, performing effectively, and maintaining appropriate behavior in a work setting, and setting realistic goals and planning independently; and a severe limitation completing a normal workday/workweek without interruptions from psychologically-based symptoms.  AR 538-59.

The ALJ gave Dr. Cunningham's opinions "little weight."  AR 579.  The ALJ first discounted the opinions as "not consistent with the other substantial evidence in the case record," pointing to "many examinations that showed a normal ability to concentrate" and "examinations demonstrating normal speech, no evidence of hallucinations, appropriate judgment and insight, and an ability to recall recent and remote events," and noting Plaintiff "was generally cooperative throughout the evidence of record."  AR 579.  Substantial evidence does not support this ground, and the ALJ's finding is legally erroneous under Ninth Circuit precedent.  *See*

*Garrison*, 759 F.3d at 1017 ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working. Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms. They must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace.") (cleaned up); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). The ALJ's discussion of "the record as a whole" does not provide a legitimate basis to discount the doctor's assessment of Plaintiff's mental impairments. Contrary to the ALJ's conclusion, the record is replete with instances of Plaintiff presenting as agitated, aggressive, and anxious to providers, *see, e.g.*, AR 999, 1073, 1176, 1299; having difficulties with concentration, *see, e.g.*, AR 488, 541, 1649; and exhibiting speech deficiencies, *see, e.g.*, AR 999, 1188, 1479, 1482. The ALJ accordingly erred by discounting Dr. Cunningham's opinions on this ground.

The ALJ next discounted the opinions as inconsistent with Plaintiff's report of "managing chores throughout the day, engaging in self-care, and completing activities of daily living independently" and "speaking with a friend out of state on the phone on a regular basis." AR 579. Plaintiff's minimal activities are neither inconsistent with nor a valid reason to discount the doctor's opinions. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such

as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). The ALJ accordingly erred by discounting the doctor's opinions on this ground.

Third, the ALJ discounted Dr. Cunningham's opinions because Plaintiff "did not require inpatient treatment." AR 579. Dr. Cunningham did not opine, however, that Plaintiff *required* inpatient treatment. This is not a legitimate inconsistency. Accordingly, the ALJ erred by discounting the doctor's opinions on this ground.

Finally, the ALJ discounted Dr. Cunningham's opinions as inconsistent with Plaintiff's "improvement in mental impairments with medication" and Plaintiff "not tak[ing] medication at times because she was either caring for her knee or did not like the side effects." AR 579. Substantial evidence does not support this ground. As Plaintiff correctly argues, the evidence the ALJ cites relating to Plaintiff's improvement with medication predate the onset period. This evidence is not probative of the severity of Plaintiff's mental impairments during the period at issue and, as such, cannot serve as substantial evidence undermining Dr. Cunningham's opinions. Further, the ALJ's discounting of the opinions on the basis of Plaintiff's medication compliance is belied by the ALJ's own factual finding regarding side effects. *See Carmickle v. Commiss'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("Carmickle testified that he does not take other pain medication because of adverse side effects . . . on this record

Carmickle's minimal treatment is not a proper basis to find him not credible."). The ALJ accordingly erred by discounting the doctor's opinions on this ground.

*2. Anselm Parlatore, M.D.*

Dr. Parlatore examined Plaintiff in May 2018, assessed diagnoses of severe and chronic post-traumatic stress disorder, recurrent severe depression, agoraphobia, social anxiety, dissociative anxiety, and derealization and depersonalization disorder, and opined Plaintiff has marked limitations reasoning, understanding, concentrating, adapting, completing detailed and complex tasks, and tolerating increased mental demands associated with competitive work. AR 1010-11. He further opined Plaintiff "would have difficulty accepting instructions from supervisors and would have marked difficulty interacting with co-workers and the public. Her interpersonal interactions are severely impaired by psychiatric symptomatology. I anticipate she would have marked difficulty dealing with the usual stress encountered in a work environment." AR 1010. The ALJ gave Dr. Parlatore's opinion "some weight." AR 578.

The ALJ discounted Dr. Parlatore's opinion because the doctor's "examination did not fully support the marked limitations identified." AR 578. However, the ALJ appears to endorse the doctor's findings. *See* AR 578 ("[Plaintiff] report[ed] derealization, depersonalization, and dissociation, which would support some limitations in her ability to complete work tasks and interact with others. Further, Dr. Parlatore reported that although she was oriented, she was in extreme emotional anguish and turmoil. These findings were consistent with the claimant's report of difficulty with mood and panic attacks.") (internal citation omitted). Because the ALJ's conclusory rejection of Dr. Parlatore's opinion does not reasonably identify inconsistencies between the doctor's findings and his opinion, the ALJ necessarily erred by discounting the opinion on this ground. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (in setting

"forth his own interpretations," an ALJ is required to "explain why they, rather than the doctors,' are correct").

   3. *Jenna Yun, Ph.D.*

Dr. Yun examined Plaintiff in May 2018, assessed severe depression, anxiety, and traumatic stress, and opined Plaintiff has marked limitations understanding, remembering, and persisting in tasks by following detailed instructions, adapting to changes in a routine work setting, maintaining appropriate behavior in a work setting, completing a normal workday/workweek without interruptions from psychologically-based symptoms, and setting realistic goals and planning independently; and moderate limitations understanding, remembering, and persisting in tasks by following simple instructions, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerance without special supervision, learning new tasks, performing routine tasks without special supervision, making simple work-related decisions, being aware of normal hazards and taking appropriate precautions, asking simple questions or requesting assistance, and communicating and performing effectively in a work setting. AR 1646-48. The ALJ gave the opinion "some weight." AR 576.

Plaintiff contends the ALJ erred by failing to provide specific and legitimate reasons for discounting Dr. Yun's assessment that Plaintiff has marked limitations in maintaining appropriate behavior in a work setting and completing a normal workday/workweek without interruptions from psychologically-based symptoms. Dkt. 17 at 12-13. Although the ALJ found Dr. Yun's examination "more accurately reflects the claimant's examinations demonstrating normal speech, no evidence of hallucinations, appropriate judgment and insight, an ability to recall recent and remote events, and cooperative behaviors," AR 576, the ALJ did not

sufficiently address why he rejected Dr. Yun's assessed limitations. Because the Court is unable to "reasonably discern" the ALJ's path toward this conclusion, the ALJ necessarily erred. *See Molina*, 674 F.3d at 1121.

    4. Kristie Davis, LMHCA

Ms. Davis began treating Plaintiff in September 2016 and opined in March 2020 Plaintiff's agoraphobia, post-traumatic stress disorder, and major depressive disorder would impair her ability to handle day-to-day tasks without reaction, adapt to the demands of a workplace, and function effectively if "she were required to get to work at a particular time, five days a week." AR 1639-44. Ms. Davis further opined Plaintiff is unable to work in coordination with others without distraction, work in proximity to others without distraction, interact appropriately with the general public, respond appropriately to criticism, and behave appropriately in a work setting. AR 1642. The ALJ gave the opinion "little weight." AR 580.

The ALJ found the opinion "consisted largely of subjective reports from the claimant," and discounted the opinion as inconsistent with evidence indicating Plaintiff was "generally cooperative" (as opposed to having an "inability to handle confrontation well" and being "easily agitated and aggressive"); Plaintiff "reported speaking with a friend out of state on the phone on a regular basis, had a friend testify at a previous hearing, and had two friends complete third party function reports" (as opposed to having "an inability to maintain and keep friendships"); and Plaintiff "reported no difficulty getting along with authority figures." AR 580. As a preliminary matter, Ms. Davis indicated she "noticed" Plaintiff "has forgotten appointments, [and] taking [sic] medications, forgets to eat at times. Looses [sic] train of thought, goes off on tangents, and repeats self several times." AR 1639. Ms. Davis also "noticed" Plaintiff is "[e]asily distracted with external stimuli" and "has missed several appointments with counselor."

AR 1639, 1641.  Contrary to the ALJ's finding, these are clinical observations.  *See also, e.g.*, AR 1705 (October 10, 2019 treatment note indicating Plaintiff "was tearful and seemed to be verbally aggressive when speaking about her pain"); AR 1709 (October 8, 2019 treatment note indicating Plaintiff "seemed to be verbally aggressive when talking about her trauma"); AR 1715 (August 29, 2019 treatment note indicating Plaintiff "seemed frustrated during the session…. She was loud at certain points of the session when she became upset about a topic she was talking about").  Further, the evidence the ALJ identifies as inconsistent are not legitimate inconsistencies.  For instance, being agitated or aggressive, at times, is not mutually exclusive with being cooperative with clinical providers, at other times.  The ALJ accordingly erred by discounting the opinion of Ms. Davis on these grounds.

### B. The ALJ Erred by Discounting Plaintiff's Testimony

Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ indicated Plaintiff testified "experiencing anxiety, panic attacks, and depression."  AR 573. The ALJ found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]"  AR 574.  However, because the ALJ erred by discounting the opinions of Dr. Cunningham, Dr. Parlatore, Dr. Yun, and Ms. Davis, as discussed above, and the medical evidence must therefore be

reevaluated, this is not a valid ground to discount Plaintiff's testimony. The ALJ accordingly erred by discounting Plaintiff's testimony.

C.  **Scope of Remand**

Plaintiff contends the Court should remand for an immediate award of benefits. Before remanding a case for an award of benefits, three requirements must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Garrison*, 759 F.3d at 1020). Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id*. In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made. *Id*. (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014)). Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id*. (quoting *Garrison*, 759 F.3d at 1021).

The Court finds that the three requirements have been met. As discussed above, the ALJ erroneously discounted four medical opinions and Plaintiff's testimony. Notably, this is the second time the ALJ failed to provide legally sufficient reasons for discounting Dr. Cunningham's opinion. *See* AR 675-78. The Court finds that further proceedings would serve no useful purpose and that if the erroneously discounted evidence were credited, Plaintiff would be found disabled. The Court has no serious doubts as to whether Plaintiff is disabled, and finds that the significant delay since Plaintiff applied for disability in 2014 also weighs in favor of a finding of disability. Under these circumstances, the Court exercises its discretion to remand this matter for a finding of disability.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 12

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for a finding of disability under sentence four of 42 U.S.C. § 405(g).

Dated this 23rd day of June, 2021.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge